IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GINO BASSETT, SR.,<br><br>  Plaintiff,<br><br>v.<br><br>C/O KULICK, *et al.*,<br><br>  Defendants. | Case No. 24-cv-02225-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on two motions filed by Plaintiff Gino Bassett: Motion for Change of Venue (Doc. 31) and Motion for Temporary Restraining Order (Doc. 32). For the following reasons, both motions will be denied.

**I.    Motion for Change of Venue**

Plaintiff seeks a change of venue because he believes that the Court has shown prejudice against him by favoring Defendants. Plaintiff fears that he will not receive a fair trial or hearings in this case. He states that the undersigned wrongfully denied his various motions, including his motion for seeking court recruited counsel.

Based on the arguments in the motion, Plaintiff appears to be seeking recusal of the undersigned from this case, rather than a transfer of venue. Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The statute also provides a number of circumstances in which a judge shall disqualify himself, for example, where he or she is related to a party, has a financial interest in the outcome, or has a personal bias or prejudice concerning a party. Plaintiff accuses the undersigned of the

latter due to the Court's denial of his requests for counsel and because the Court denied discovery related motions as premature. (*See* Doc. 14, 30). Dissatisfaction with a judge's rulings, however, is not a basis for recusal. *See Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996); *Liteky v. United States*, 510 U.S. 540, 548 (1994). Finding no grounds warranting recusal, the undersigned declines to recuse himself and **DENIES** Plaintiff's motion. (Doc. 31).

## II.     Motion for Temporary Restraining Order (TRO)

Plaintiff argues that his safety and security are in danger. He states that in retaliation for filing civil lawsuits and grievances currently (1) his mail is being wrongfully mishandled and withheld by Defendant Hempen; (2) Scott and Angela Eiesenhauer, the trust fund supervising officers, are not returning his money vouchers needed to show proof of outgoing legal mail; (3) Nurse Hephner and Defendant Nurse Liz are spreading false rumors about him, mishandling his medication refill requests, and denying him psych medication daily; (4) Nurse Hephner has violated his privacy rights under HIPAA by announcing his Hep C and HIV status on the gallery while giving him his medication each day; (5) money has been stolen from his trust fund account; (6) he is being denied mental and medical treatment; (7) staff members are refusing to place him in a safe environment; (8) Defendant Nurse Liz is telling correctional officers that he is suing her; (9) Correctional Officer James has at times turned off the water to his cell, denied him a medical pass, and threatened him; (10) bogus disciplinary tickets are being written against him to keep him in segregation; and (11) Defendants Hempen, Kulick, and Walker have threatened to make him uncomfortable and provoke him. Plaintiff argues that without a temporary restraining order he fears that employees at Menard Correctional Center will continue to make his environment unsafe and uncomfortable out of revenge and retaliation. He requests to be transferred to another correctional facility where he will receive fair treatment.

To obtain injunctive relief through a TRO, Plaintiff must demonstrate: (1) a reasonable

likelihood of success on the merits of underlying claim; (2) the inadequacy of a remedy at law; (3) the existence of irreparable harm if the injunction is not issued; (4) the threat of harm to the plaintiff outweighs the threatened harm to the defendant if the injunction were issued; and (5) the granting of a preliminary injunction will not disserve the public interest. *Kiel v. City of Kenosha*, 236 F.3d 814, 815-816 (7th Cir. 2000). Further, pursuant to the Prison Litigation Reform Act (PLRA), any grant of preliminary injunctive relief or TRO "shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs" and cannot issue "unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(2).

Plaintiff's motion will be denied, as he has failed the first requirement of demonstrating a reasonable likelihood of success on the merits of his claims. In this case, Plaintiff is prosecuting claims regarding unconstitutional conditions of confinement and the denial of mental health and medical care that occurred in 2023 (Counts 1, 2, 3, and 4). He is also proceeding on claims of denial of due process and retaliation in connection with the issuance of a false disciplinary ticket in May 2024 (Count 5). Plaintiff does not, however, explain how or why he will succeed on the merits of these claims. While Plaintiff is not required to "show that [he] definitely will win the case…a mere possibility of success is not enough," and he must make "[a] strong showing that [he] is likely to succeed on the merits." *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). A "strong showing" includes a "demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). The Court found that Plaintiff sufficiently pled his claims to allow survival of Counts 1-5 past Section 1915A review, but that does not mean he is likely to succeed on the merits of these claims. In assessing whether the Motion for a TRO has adequately demonstrated a reasonable likelihood on success on the merits, the Court

does not simply "accept [Plaintiff's] allegations as true, nor do[es] [it] give him the benefit of all reasonable inferences in his favor." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the Court must assess the merits as "they are likely to be decided after more complete discovery and litigation." *Id.* Because Plaintiff only asserts new allegations of retaliatory conduct on the part of Defendants and other staff at Menard Correctional Center, and he has not addressed the threshold issue of how he is likely to succeed on the merits of his underlying case, the Motion for a TRO is **DENIED.**

**IT IS SO ORDERED.**

**DATED:   April 7, 2025**

                                                      *s/Stephen P. McGlynn*
                                                    **STEPHEN P. MCGLYNN**
                                                    **United States District Judge**