IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GINO BASSETT, SR., #K55476, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 24-cv-2225-RJD |
| JUSTIN KULICH, MARC HEMPEN, SANDY WALKER, and ELIZABETH KNOP, | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, currently incarcerated within the Illinois Department of Corrections ("IDOC") at Menard Correctional Center ("Menard"), pursuant to 42 U.S.C. §1983. He alleges that, *inter alia*, his Eighth Amendment rights were violated at Menard in September 2023 when he was moved to a cell in North 2 segregation that had no running water or electricity and contained mold, mildew, rust, flies and other insects. Doc. 14, pp. 1, 2. He alleges that correctional officers told Defendant Elizabeth Knop (a nurse) to withhold Plaintiff's medication, and she then refused to give him his necessary medication for seizures, asthma, high blood pressure, anxiety, and a heart condition. Following the Court's threshold review conducted pursuant to 28 U.S.C. § 1915A, Plaintiff proceeds on an Eighth Amendment claim against Defendant Knop for denying Plaintiff medical care.[1]

---

[1] Plaintiff also proceeds on various Eighth and First Amendment claims against Defendants Kulich, Hempen, and Walker.

This matter comes before the Court on Defendant Knop's Motion for Summary Judgment for failure to exhaust administrative remedies. 42 U.S.C. § 1997e(a). Defendant Knop points to an exhibit attached to Plaintiff's Complaint as evidence that Plaintiff did not exhaust his administrative remedies, a prerequisite for all §1983 suits filed by prisoners. Other than the attachment to the Complaint, Defendant Knop cites no evidence to support her Motion for Summary Judgment.

Within the IDOC, the inmate begins the administrative process by submitting a written grievance to his institutional counselor within 60 days after the discovery of the incident, occurrence or problem. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board ("ARB") for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

The inmate may request that his grievance be treated as an emergency. The Warden decides whether the grievance should be handled as an emergency, and if so, expedites processing of the grievance and responds to the offender. *Id.* § 504.840(b). If the inmate subsequently appeals the emergency grievance, the ARB also expedites its processing of the grievance. *Id.*

§ 504.850(f).

Failure to exhaust administrative remedies is an affirmative defense. *Gooch v. Young*, 24 F. 4th 624, 627 (7th Cir. 2022). *Id*. Defendant bears the burden of proving that administrative remedies were available to Plaintiff and that he failed to exhaust them. The administrative remedy process is unavailable to an inmate if prison officials do not respond to his grievance. *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (*citing Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2022)). Plaintiff alleged in his Complaint that he submitted an emergency grievance in September 2023 and never received a response. Doc. 1, p. 12. After six months passed, he then submitted a duplicate grievance that was ultimately denied at Menard for being "out of time frame." *Id*. The grievance identified "Nurse Liz" as one individual who tried to "cause [Plaintiff] to die." *Id*., p. 19. This grievance was attached to Plaintiff's Complaint and Defendant Knop relies solely on it as evidence that Plaintiff did not exhaust his administrative remedies, but does not address Plaintiff's allegations within the Complaint that he submitted a grievance in September 2023 that was never answered.

The Court may hold an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) and gauge the plaintiff's credibility regarding whether he attempted to submit a grievance to which prison officials never responded. The Court declines to do so in this instance where Defendant's motion does not address whether Plaintiff submitted a timely grievance that went unanswered and therefore the Court has no reason to question the credibility of Plaintiff's allegation that he did so. None of Defendant's statements of material fact refer to whether Plaintiff submitted a grievance in September 2023 and even if the Court considers all of Defendant's statements of material fact as admitted (because Plaintiff did not respond), Defendant has nonetheless failed to establish she is entitled to summary judgment. Defendant cannot shift

the burden to Plaintiff to show that administrative remedies were not available to him. *Gooch*, 24 F. 4th at 627. Accordingly, Defendant's Motion for Summary Judgment is DENIED.

## **Motions for Recruitment of Counsel**

Currently pending before the Court are two Motions for Recruitment of Counsel filed by Plaintiff, who proceeds pro se and in forma pauperis. Docs. 50 and 53. There is no statutory or constitutional right to counsel in a civil case. *Dewitt v. Corizon, Inc.,* 760 F.3d 654, 657 (7th Cir. 2014). However, this Court may recruit an attorney to represent a litigant who cannot afford counsel. 28 U.S.C. §1915(e). When presented with a request to appoint counsel, the Court makes the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

The Court is satisfied that Plaintiff made reasonable attempts to obtain counsel. Doc. 50, pp. 11-15; Doc. 53, pp. 4-8. However, the Court is also satisfied that at this time, Plaintiff appears competent to litigate on his own behalf. The events alleged in Plaintiff's Complaint (deplorable cell conditions, withholding medication needed for serious medical conditions) do not involve complex legal or factual issues. Plaintiff is able to recount the events that occurred and describe how he was affected by Defendants' alleged actions. Doc. 1, pp. 3-9. Though Plaintiff did not respond to Defendant Knop's Motion for Summary Judgment, he included sufficient information in his Complaint about his attempts to submit grievances.

Plaintiff explains that he has serious mental and medical issues, including prostate cancer. While the Court sympathizes with Plaintiff, his conditions do not appear to affect his ability to file pleadings and communicate effectively with the Court. *See*, *e.g*., Doc. 54. If Plaintiff's health

conditions or treatment prevent him from timely responding to discovery requests and/or pleadings filed by Defendants, he may request extensions from the Court.

Plaintiff's Motions for Recruitment of Counsel are DENIED. If Plaintiff encounters a specific issue during the discovery and/or dispositive motion stage that warrants the recruitment of counsel, he may file another Motion that explains the specific issue. Plaintiff has also filed a Motion for Status (Doc. 54) on his Motions for Recruitment of Counsel, which is GRANTED to the extent this Order resolves those motions.

**IT IS SO ORDERED.**

**DATED: March 4, 2026**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**